IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYNELL ALLEN, as Parent and Legal Guardian of SHAKIRAH JONES<br>　　　　　　Plaintiff<br>　　vs.<br>SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, EXECUTIVE DIRECTOR; DANIEL BOONE SCHOOL; BOONE SCHOOL PRINCIPAL ALEXANDER; DANIEL BOONE SCHOOL TEACHER SCRUGS, individually and as employees for the School District Of Philadelphia and/or Daniel Boone School<br>　　　　　　Defendants | JURY TRIAL DEMAND<br><br>C.A. #05-5523 |

## SECOND AMENDED COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1),(3),(4) and the aforementioned statutory provision.

### II. PARTIES

2. Plaintiff, Shakirah Jones is a minor female who was at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania. Her mother, Raynell Allen is her natural parent and legal guardian.

3. Defendant School District of Philadelphia is a local agency in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining the educational standards for children attending public schools in Philadelphia, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices to educate the children of Philadelphia.

4. Defendant Daniel Boone School is an agency in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining the educational standards for children attending public schools in Philadelphia, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices to educate the children of Philadelphia.

5. Defendant Vallas, is and was at all times relevant to this Complaint, the Executive Director for the School District of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Alexander, is and was at all times relevant to this Complaint, a principal for the Daniel Boone School and acting under the color of state law. He is being sued in both his individual and official capacities.

7. Defendant Scruggs, is and was at all times relevant to this Complaint, a teacher for the Daniel Boone School and acting under the color of state law. He is being sued in both his individual and official capacities.

## III. FACTS

8. In and around September 22, 2005, Plaintiff Shakirah Jones was enrolled in the Daniel Boone School as a student.

9. While in her social studies class on that date, there was an argument between Plaintiff and another student over Plaintiff's seat.

10. Plaintiff asked her teacher, Defendant Scruggs if she could leave the room because she was upset.

11. Defendant Scruggs told the Plaintiff that she could leave and Plaintiff left the room and began walking down the hall.

12. Defendant Scruggs followed Plaintiff out of the room to attempt to stop her from walking down the hall.

13. Defendant Scruggs without warning, cause or justification grabbed Plaintiff from behind and slammed her against the wall.

14. Plaintiff's face struck the wall with such force that her chin and mouth were bleeding and she sustained three cracked and chipped teeth.

15. After slamming her into the wall Defendant Scruggs let go of the Plaintiff where she fell to the ground. Defendant Doe then placed Plaintiff in handcuffs where she was transported to another room within the school.

16. Once at the room, other Daniel Boone School officials administered first aid by stopping the bleeding while Plaintiff was still handcuffed.

17. Plaintiff was not free to leave this room for over an hour.

18. Plaintiff was never charged with any criminal offenses and after over one hour was released from custody and into the care of her mother. Plaintiff went to the hospital that same day.

19. On November 3, 2005, just 11 days after Plaintiff filed her civil rights lawsuit against the Defendants, upon recommendation of the Defendants; Plaintiff was arrested and charged with the following criminal charges as a direct result of the actions complained of in this lawsuit: Aggravated Assault; Simple Assault and Disorderly Conduct.

20. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully assault and unlawfully imprisoned Plaintiff, retaliate against her for filing a lawsuit and otherwise deprive her of her civil and constitutional rights including Plaintiff's rights, privileges and immunities under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

21. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious physical injury, including lacerations and contusions on her head and three chipped and cracked teeth.

22. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of the Defendants' actions, Plaintiff was subjected to physical and verbal abuse.

24. At no time did Plaintiff pose a threat to Defendants or to others.

25. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

26. The acts of Defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

27. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

28. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by depriving Plaintiff of property and liberty without due process of law, retaliating against her for exercising her First Amendment rights, subjecting Plaintiff to excessive force and unlawfully imprisoning her. A decision to discipline a student, if accomplished through excessive force, constitutes an invasion of the child's Fourth and Fifth Amendment liberty, interest in her personal security and a violation of substantive due process pursuant to the Fourteenth Amendment.

29. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, physical injuries, severe emotional trauma, and the loss of the enjoyment of life, all to her great detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

30. The allegations set forth in paragraphs 1-29 inclusive, are incorporated herein as if fully set forth.

31. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from excessive force, free from retaliation for

exercising her First Amendment rights to free speech, to be secure in one's person and property, to be protected from harm and not be subjected to an increase risk of danger and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of her rights under the laws and Constitution of the United States in particular the First, Fourth, Fifth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

32. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

33. The School District of Philadelphia and/or Daniel Boone School permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

   a. Unjustified, unreasonable and illegal use of force by its employees;

   b. Unjustified, unreasonable and illegally imprisoning students by its employees

   c. Abuse of its employees' powers, including unreasonable force and false arrests by its employees and retaliating against individuals who exercise their right to free speech;

   d. Psychologically or emotionally unfit persons serving as teachers and security officers;

   e. Failure of its employees to prevent, deter, report or take action against the unlawful conduct of its employees under such circumstances as presented herein, and

    f. Failed to protect innocent students from physical and verbal abuse to prevent and/or stop the willful disregard for the safety of those students with whom they have a special relationship

34. Defendants, School District of Philadelphia and/or Daniel Boone School were deliberately indifferent to the need to:

    a. Test its employees for emotional and psychological fitness to serve as teachers and security officers;

    b. Monitor teachers and security officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as teachers and security officers;

    c. Train its teachers in the appropriate exercise of teaching functions;

    d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to teachers and security officers using their status as employees of the Daniel Boone School to initiate actions by its employees which are intended to harm its students, and

    e. Failure to properly train, supervise and discipline teachers and security officers and other Daniel Boone School employees with regard to practices, which are, initiated which help and not harm its students.

35. The School District of Philadelphia and/or Daniel Boone School were deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Use of force and unlawful arrests by its employees;

    b. Exercise of proper and conforming teaching practices;

  c. Employees with emotional or psychological problems, and

  d. Teachers use of their status as employees to use excessive use of force and thereby placing students in danger.

36. The School District of Philadelphia and/or Daniel Boone School failed to properly sanction or discipline its employees, who are aware of and conceal and/or aid and abet violations of constitutional rights of its students by other School District of Philadelphia and/or Daniel Boone School employees, thereby causing and encouraging employees, including the Defendant Daniel Boone School employees in this case, to violate the rights of students such as Plaintiff.

37. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to students like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the Daniel Boone School and have caused Daniel Boone School employees, including Defendant Daniel Boone School employees in this case, to believe that they can violate the rights of students, with impunity, including the use of violence and unlawful imprisonment of its students, all with the foreseeable result that Daniel Boone School employees are more likely to violate the constitutional rights of students.

38. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be free from excessive force, free from retaliation, free from unlawful arrest and rights to be secure in one's person and property.

39. Defendants, School District of Philadelphia and/or Daniel Boone School and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

40. By these actions, all Defendants have deprived Plaintiff of her rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

41. Plaintiff re-alleges paragraphs 1-40 of this complaint as though fully set forth herein.

42. The conduct of the individual Defendants were outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

43. As a result of the acts of the individual Defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

44. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 5/11/06

_Michael Pileggi_
MICHAEL PILEGGI, ESQUIRE
437 Chestnut Street, Suite 905
Philadelphia, PA 19106
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYNELL ALLEN, as Parent and Legal Guardian of SHAKIRAH JONES<br>　　　　Plaintiff<br>vs.<br>SCHOOL DISTRICT OF PHILADELPHIA, PAUL VALLAS, EXECUTIVE DIRECTOR; DANIEL BOONE SCHOOL; BOONE SCHOOL PRINCIPAL ALEXANDER; DANIEL BOONE SCHOOL TEACHER SCRUGS, individually and as employees for the School District Of Philadelphia and/or Daniel Boone School<br>　　　　Defendants | JURY TRIAL DEMAND<br><br>C.A. #05-5523<br><br>FILED |

## CERTIFICATION OF SERVICE

Michael Pileggi, Esquire, counsel for the Plaintiff in the above matter, hereby certifies that he served a copy of Plaintiff's Second Amended Complaint in the above matter, upon the following parties, by letter dated May 11, 2006, mailed by first class, postage prepaid, to the following address:

Michael Hamilton, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
Suite 1900
1800 JFK Boulevard
Philadelphia, PA 19103

Elizabeth Mattioni, Esquire
School District of Philadelphia
440 N. Broad Street, S-3rd Floor
Philadelphia, PA 19130-4015

　　　　　　　　　　　　　　　　　　Michael Pileggi
　　　　　　　　　　　　　　　　　　Michael Pileggi, Esquire
　　　　　　　　　　　　　　　　　　437 Chestnut Street, Suite 905
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19106
　　　　　　　　　　　　　　　　　　215-627-8516
　　　　　　　　　　　　　　　　　　Counsel for Plaintiff