IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYNELL ALLEN, as parent and legal guardian of SHAKIRAH JONES | : : : | CIVIL ACTION |
| v. | : : | |
| SCHOOL DISTRICT OF PHILADELPHIA, ET AL. | : : | NO. 05-5523 |

O R D E R

**AND NOW,** this 15th day of February, 2007, upon consideration of the Motion for Summary Judgment filed by Defendant Scruggs (Docket No. 29) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and **JUDGMENT** is hereby **ENTERED** in favor of Defendant Scruggs and against Plaintiff.[1]  **IT IS FURTHER ORDERED**

---

[1] On July 13, 2006, we granted Defendants' Motion to Dismiss in part and denied it in part. The only claim remaining in this case is Plaintiff's claim brought against Scruggs in his individual capacity pursuant to 42 U.S.C. § 1983 for violation of Shakirah Jones' Fourteenth Amendment right to be free of excessive force, including a prayer for relief for punitive damages.  Scruggs has filed a Motion for Summary Judgment in which he contends that there is no evidence that he used excessive force against Jones.

In support of his Motion, Scruggs has submitted the following evidence: Jones' educational history and profile, including incident reports documenting Jones' history of disruptive and violent behavior in school (Exs. A, L, and N); the incident report prepared by Scruggs with respect to the September 22, 2005 incident that is the subject of the instant action, which states that Jones caused her own injuries by pulling away from Scruggs and a female staff member, Jennifer Mastrogiovanni, so forcefully that she propelled herself into a wall (Ex. C); the transcript of Scruggs' deposition, in which he described the September 22, 2005 incident and stated that Jones caused her own injuries by breaking away from Scruggs and Mastrogiovanni in a manner which propelled her into a wall (Ex. D); the incident report prepared by Mastrogiovanni with respect to the September 22, 2005 incident, which states that she observed Jones physically struggle with Scruggs while he attempted to place her in a primary physical restraint ("PRT") and saw "Shakirah [separate] herself from Mr. Scruggs and thrust herself against the wall" (Ex. E); a progress report prepared on September 22, 2005 by Monique Richardson, a school employee, who reported that "S. Jones did state to me that she resisted the PRT several times by pulling and yanking her arms away while trying to run away at the same time. To which [sic] she ran into the wall while Mr. Scruggs was placing her in standing PRT." (Ex. F.); the warrant for arrest for Jones issued on October 19, 2005 for assault on a teacher, charging Jones with aggravated assault, simple assault, and disorderly conduct arising out of the September 22, 2005 incident (Ex. G.); statements provided by students who witnessed the September

that Defendant Scruggs' Motion to Permit Sur-Reply (Docket No. 31) is **GRANTED** and the Clerk shall docket the Sur-Reply attached as Exhibit A to that Motion.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.

---

22, 2005 incident, which support Scruggs' version of the incident (Ex. H); an incident follow-up report prepared by the school police officer that states that Jones received a five day suspension arising from the September 22, 2005 incident (Ex. I); an expert report prepared by Bruce Chapman, President of Handle With Care Behavior Management System, Inc., in which Mr. Chapman opines that Scruggs' use of the PRT as a restraining hold on Jones was "entirely appropriate and reasonable" and that Jones caused her own injuries (Ex. J); and Plaintiffs' Responses to Defendant's Interrogatories, in which she admits that Jones was convicted of disorderly conduct arising out of the September 22, 2005 incident (Ex. M).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate an absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

We find that Scruggs has met his initial responsibility of informing the Court of the basis for his motion and identifying those portions of the record that support the absence of a genuine issue of material fact with respect to Plaintiff's excessive force claim. Plaintiff has filed a response to Scruggs' Motion, but has elected not to submit any evidence setting forth specific facts showing that there is a genuine issue for trial, not even her own affidavit. She has, instead, elected to rest on the allegations of her Complaint. Federal Rule of Civil Procedure 56(e), however, "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment . . . the plaintiff can no longer rest on the pleadings . . . ."). As Plaintiff has wholly failed to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial, we find that Scruggs is "'entitled to a judgment as a matter of law' because [Plaintiff] has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323. Scruggs' Motion for Summary Judgment is, therefore, granted.